**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SKY TIPTON,<br><br>Plaintiff,<br><br>v.<br><br>KATHY BRITTAIN, *et al.*,<br><br>Defendants. | No. 4:26-CV-00737<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**SEPTEMBER 9, 2026**

Sky Tipton filed the instant *pro se* Section 1983[1] lawsuit, alleging unconstitutional conditions of confinement at the State Correctional Institution, Frackville (SCI Frackville). The Court screened Tipton's initial complaint and dismissed the federal claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief. Tipton filed an amended complaint, which is presently before the Court for mandatory screening under Section 1915A(a).

## I. BACKGROUND

When Tipton lodged this *pro se* civil rights lawsuit in March 2026, he was incarcerated at SCI Frackville.[2] In June 2026, he was transferred to SCI Benner

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* Doc. 1 ¶ 3.

Township, where he is currently housed.[3] In his original complaint, Tipton alleged that he was subjected to unconstitutional conditions of confinement at SCI Frackville.

He first contended that the "night lights" in the "BMU"[4] were illuminated "24/7/365," causing sleep disruption and migraine headaches.[5] Tipton's second allegation was that the heat and ventilation in his cell were "not working," although he did not state how long he was confined under these conditions.[6] Tipton lastly contended that his housing unit had a "rodent and insect infestation."[7]

The Court screened Tipton's complaint and dismissed his Eighth Amendment conditions-of-confinement claims under Section 1915A(b)(1) for failure to state a claim upon which relief may be granted.[8] The Court first noted that Tipton had failed to allege personal involvement in constitutional misconduct for more than half the named Defendants.[9] Next, the Court explained that Tipton had not proffered sufficient facts to establish that exposure to the BMU "night

---

3 *See* Doc. 5; Doc. 8 ¶ 3.

4 It is presumed that the initials "BMU" stand for the Pennsylvania Department of Corrections (DOC) "Behavior Management Unit." *See Baez v. Davis*, No. 3:24-cv-02070, 2026 WL 184273, at *3 n.2 (M.D. Pa. Jan. 23, 2026) ("The Court takes judicial notice that within the DOC, a Behavior[] Management Unit is 'a secure diversionary unit for mentally ill individuals who . . . require a secure setting due to their demonstrated problematic behavior in less secure environments.'" (quoting COMMW. OF PA. DEP'T OF CORR., Policy Statement 13.8.1, Access to Mental Health Care, § 12.A.1 (available at https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/13.08.01-access-to-mental-health-care.pdf))).

5 Doc. 6 at 2.

6 *Id.* at 2-3.

7 *Id.* at 3-4 (citing Doc. 1 ¶¶ 30-44).

8 *Id.* at 7-14.

9 *Id.* at 7-9.

light" rose to the level of a sufficiently serious deprivation.[10] The Court found the same to be true for Tipton's claim that his cell lacked heating and ventilation, noting that Tipton had failed to allege how long this condition persisted—"a crucial factor for any conditions-of-confinement claim."[11] Finally, the Court explained that Tipton's allegations regarding the presence of insects and rodents likely did not rise to the level of a sufficiently serious deprivation, and even if they did, Tipton's complaint did not plausibly allege deliberate indifference by any Defendant.[12]

The Court then dismissed Tipton's official capacity claims, noting that any official capacity claim seeking monetary damages was barred by sovereign immunity, and further finding that Tipton did not seek prospective equitable relief.[13] Finally, the Court declined to exercise supplemental jurisdiction over Tipton's related state-law claims, as all federal claims were being dismissed.[14] The Court granted Tipton leave to amend and provided specific directions for amendment.[15]

---

[10] *Id.* at 9-11.

[11] *Id.* at 11-12 (citing, *inter alia*, *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (stressing that "duration" of confinement in a dry cell was crucial consideration in Eighth Amendment conditions-of-confinement claim)).

[12] *Id.* at 12-13.

[13] *Id.* at 13-14.

[14] *Id.* at 14 & n.64.

[15] *Id.* at 15-16.

Tipton timely filed an amended complaint.[16] In his amended pleading, he sues six Defendants instead of twelve and raises a single claim sounding in Eighth Amendment conditions of confinement.[17] Tipton's amended complaint is presently before the Court for Section 1915A(a) screening.

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[18] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[19] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[20]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[21] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the

---

16 *See generally* Doc. 8.
17 *See id.*
18 *See* 28 U.S.C. § 1915A(a).
19 *Id.* § 1915A(b)(1).
20 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
21 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

light most favorable to the plaintiff.[22] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[23]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[24] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[25] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[26] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[27] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[28]

Because Tipton proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less

---

22 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
23 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
24 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
25 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
26 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
27 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
28 *Iqbal*, 556 U.S. at 681.

stringent standards than formal pleadings drafted by lawyers[.]"[29] This is particularly true when the *pro se* litigant, like Tipton, is incarcerated.[30]

## III. DISCUSSION

As noted above, the Court provided Tipton with detailed analysis explaining the insufficiency of his original pleading, as well as specific instructions for amendment. Upon review of Tipton's amended complaint, as required by Section 1915A(a), the Court finds that Tipton has cured the pleading deficiencies in only one of his conditions-of-confinement claims.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[31] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[32] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[33] Furthermore, it is

---

29 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
30 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
31 *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
32 *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
33 *Id.* (quoting *Rode*, 845 F.2d at 1207).

equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[34]

Tipton's first pleading deficiency is his failure to allege personal involvement for Superintendent Kathy Brittain and Lieutenant C. Gregory. Although he names Brittain and Gregory in his lawsuit, he does not allege any conduct by these Defendants whatsoever. Rather, they are merely listed in the defendant-identification section of the amended complaint.[35]

To plausibly state a Section 1983 claim, Tipton must specify each Defendant's personal involvement in the alleged constitutional violation. That is, he must explain what action (or inaction) by each Defendant violated his constitutional rights. He has not done so for Brittain or Gregory, so the Court must dismiss the Section 1983 claims against these two Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

**B. Eighth Amendment Conditions of Confinement**

"[T]he Constitution does not mandate comfortable prisons, and prisons . . .

---

[34] *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[35] *See* Doc. 8 ¶¶ 4, 5.

which house persons convicted of serious crimes[] cannot be free of discomfort."[36] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[37]

To state an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[38] Objectively, the inmate must allege that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[39] Subjectively, the prisoner must plead that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[40] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[41] Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[42]

---

36 *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
37 *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
38 *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).
39 *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
40 *Id.* (citing *Farmer*, 511 U.S. at 834).
41 *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
42 *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).

As explained above, Tipton's initial conditions-of-confinement claims were dismissed without prejudice. The Court provided a detailed analysis of each Eighth Amendment claim, explaining why they failed to state a claim upon which relief may be granted. Upon careful comparison of the original complaint and the amended complaint, the Court finds that Tipton has only proffered additional factual allegations regarding exposure to the 24/7 "night light" in the BMU. Accordingly, the Court incorporates by reference its previous analysis and holding as to Tipton's other conditions-of-confinement claims (involving lack of heat and ventilation and rodent and pest infestation)[43] and will dismiss those claims with prejudice.

Once again, Tipton's primary complaint is that he was subjected to a "night light" that was constantly illuminated while he was housed in the BMU at SCI Frackville. He claims that the night light disrupted his sleep and gave him migraine headaches. His amended complaint, however, includes new, material factual averments that push this conditions-of-confinement claim over the line from merely possible to plausible.

First, Tipton alleges that he was subjected to the constant illumination from the night light from April 2025 to June 9, 2026,[44] a lengthy span of time. He further avers that the light fixture is located inside the cell and "is bright enough to

---

[43] *See* Doc. 6 at 9-13.

[44] Doc. 8 ¶ 52.

illuminate the entire cell to be able to read at any point in the cell."[45] He explains that the light given off by the night light is comparable to "the sun shining through the window at all times of the day and night" and is bright enough that the main lights in the cell are not necessary "to do anything."[46] According to Tipton, the constant lighting caused loss of sleep and chronic migraines.[47] These allegations, taken as true, plausibly allege a sufficiently serious deprivation.

Tipton's amended complaint also plausibly alleges deliberate indifference by several named Defendants. Tipton avers that he spoke repeatedly with PSSC Hansell, PSSC Birster-Mallory, Deputy Superintendent Damiter, and Deputy Superintendent Reese about the constant lighting, but that these Defendants did not take any corrective action.[48] These allegations, while leaving much to be desired, suffice to allege deliberate indifference to the purportedly unconstitutional conditions. Thus, Tipton's conditions-of-confinement claim involving the BMU night light may proceed against Hansell, Birster-Mallory, Damiter, and Reese.

### C. Official Capacity Claims

Tipton once more sues all Defendants in their individual and official capacities. However, any official capacity claim seeking monetary damages from state officials is barred by Eleventh Amendment sovereign immunity.

---

45 *Id.* ¶ 54.
46 *Id.* ¶ 55.
47 *Id.* ¶¶ 11, 14-19.
48 *Id.* ¶¶ 11-15, 22-23.

Additionally, the official capacity claims fail because Tipton does not seek any appropriate relief.

The Eleventh Amendment to the United States Constitution prevents federal courts from entertaining lawsuits—by United States citizens or citizens of foreign states—brought against a state.[49] This immunity from private suit extends to state agencies as well as state officials acting in their official capacity, because such lawsuits are essentially civil actions "against the State itself."[50] States may waive this immunity if they choose, but Pennsylvania has explicitly not waived its immunity with respect to claims brought under Section 1983.[51] There are two exceptions to the Eleventh Amendment's bar to private suits against nonconsenting states: (1) "Congress may abrogate a state's immunity" and (2) "parties may sue state officers for *prospective* injunctive and declaratory relief."[52]

Tipton seeks $200,000 in damages. To the extent these monetary damages are sought against state-actor Defendants in their official capacities, such claims are barred by Eleventh Amendment sovereign immunity. Furthermore, Tipton does not seek prospective declaratory or injunctive relief; his single claim for a

---

49 U.S. CONST. amend. XI; *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

50 *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

51 *See* 42 PA. CONS. STAT. § 8521(b); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 & n.5 (3d Cir. 2010) (citing 42 PA. CONS. STAT. § 8521(b)).

52 *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998) (emphasis added) (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123 (1908)).

declaration that his rights were violated is retrospective in nature. Thus, Tipton's official capacity claims will again be dismissed.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[53] Further leave to amend will be denied because Tipton has failed to cure most of the deficiencies with his pleadings even after "amendments previously allowed."[54] This case, therefore, will continue only as to Tipton's individual capacity Eighth Amendment conditions-of-confinement claim against defendants PSSC Hansell, PSSC Birster-Mallory, Deputy Superintendent Damiter, and Deputy Superintendent Reese involving the 24/7 illumination from the BMU night light.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss in part Tipton's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

53 *Grayson*, 293 F.3d at 114.

54 *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").